IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES BATTLE,<br>    Plaintiff<br><br>v.<br><br>WAL-MART STORES, INC., et al.,<br>    Defendants | CIVIL ACTION<br>NO.: 19-0945 |

**MEMORANDUM**

JONES, II  J.                                                                                   October 16, 2019

**I.     BACKGROUND**

On or about February 8, 2019, Philadelphia resident James Battle ("Plaintiff") initiated the present personal injury action against Wal-Mart Stores, Inc. and Wal-Mart Stores East, LP (collectively "Defendants") in the Philadelphia County Court of Common Pleas. On March 8, 2019, Defendants removed the case to this Court. (Defs.' Mot. Transfer Venue 4, ECF No. 16.) Defendants now move under 28 U.S.C. § 1404 for transfer of venue to the Middle District of Pennsylvania. (Defs.' Mot. Transfer Venue.)

Plaintiff is employed by and makes deliveries for Leonards Express, Inc., a Delaware company. (Pl.'s Resp. 2, ECF No. 17-1.) He alleges that, on March 13, 2017, he was making a delivery—and as such, was a business invitee—at the Wal-Mart store located at 390 Highridge Park, Pottsville, Pennsylvania when he allegedly fell and sustained personal injuries. (Compl. ¶¶ 4, 7, Notice of Removal Ex. A, ECF No. 1.) Plaintiff asserts his fall was caused by "raised concrete" at the Wal-Mart. (Compl. ¶ 7.) He alleges he sought and received treatment for his injuries from facilities located in Philadelphia and Bala Cynwyd, Pennsylvania, and from facilities located in Wilmington and Newark, Delaware. (Pl.'s Resp. 2.) Plaintiff intends to call

witnesses from the Pennsylvania and Delaware medical providers at trial. (Pl.'s Resp. 6-7.) Plaintiff is also engaged in an ongoing worker's compensation matter in Philadelphia. (Pl.'s Resp. 2.)

In support of their motion, Defendants argue that Plaintiff fell at the Pottsville Wal-Mart, which is located within the Middle District, and that said Wal-Mart is 110 miles from this Court, and 55.9 miles from the Middle District's courthouse. (Defs.' Mot. Transfer Venue 6, 7 nn.1-2.) Defendants also assert their key witnesses—Mr. Baggett and Mr. Hanley, who are full-time employees at the Pottsville Wal-Mart—would experience "substantial interference" in their business and personal lives if the matter were to move forward in the Eastern District of Pennsylvania. (Defs.' Mot. Transfer Venue 7.) Defendants claim they and their witnesses would experience "extreme inconveni[ence]" due to travel, time, and expense, if this matter were to continue in this Court. (Defs.' Mot. Transfer Venue 8.)

**I.     STANDARD OF REVIEW**

28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other division where it might have been brought." 28 U.S.C. § 1404(a). Venue is proper for a civil action when the claim is brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred[.]" 28 U.S.C. § 1391(b)(2). The decision of whether to grant a transfer pursuant to § 1404(a) lies in the discretion of the trial court. *See Shutte v. ARMCO Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970), cert. denied, 401 U.S. 910 (1971); *Weinstein v. Friedman*, 859 F. Supp. 786, 788 (E.D. Pa. 1994). The discretion to transfer is broad, and the defendant has the burden of showing transfer is proper. *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995); *Tranor v. Brown*, 913 F. Supp. 388, 391 (E.D. Pa. 1996). In determining whether

to grant a motion to transfer pursuant to 28 U.S.C. § 1404, courts in the Third Circuit "consider all relevant [pubic and private] factors [(hereinafter "§ 1404 factors"[1])] to ascertain whether, on balance, the litigation would more conveniently proceed and the interest of justice be better served by transfer to a different forum." *Jumara*, 55 F.3d at 879.

The relevant private factors include: (1) plaintiff's forum preference as manifested in the original choice; (2) defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum). *See id*.

The relevant public factors include: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law. *See id*. at 879-80. "Unless the balance of convenience of the parties is strongly in favor of defendant, the plaintiff's choice of forum should prevail." *Shutte*, 431 F.2d at 25 (emphasis in original).

## II. DISCUSSION

The threshold question is whether the action could have originally been brought in the proposed transferee court. *See* 28 U.S.C. §§ 1391(b)(2), 1404(a). Plaintiff alleges he fell and

---

[1] Also known as *Gilbert* factors. *See Delta Air Lines, Inc. v. Chimet, S.P.A*., 619 F.3d 288, 295 (3d Cir. 2010) (referring to the factors as "*Gilbert* factors"). The factors were originally articulated in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947). They derive from forum non conveniens doctrine. *Atl. Marine Constr. Co. v. United States Dist. Court*, 571 U.S. 49, 50 (2013).

sustained injuries while making a delivery at the Pottsville Wal-Mart. (Pl.'s Resp. 1.) This Court takes judicial notice that Pottsville is in Schuylkill County, and Schuylkill County is in the Middle District of Pennsylvania. Because the events giving rise to the claim occurred in the Middle District of Pennsylvania, this action could have originally been brought there. *See* 28 U.S.C. § 1391(b)(2). As such, this Court turns to the § 1404 factors.

### A. Private Interest Factors

The first two private interest factors consider the parties' respective preferred venues. Here, the parties each prefer their local courts. However, "[i]t is black letter law that a plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request, and that choice should not be lightly disturbed." *Shutte*, 431 F.2d at 25 (internal quotation marks and citation omitted). Plaintiff argues he chose Philadelphia County because he is a resident of that county, he currently has an open worker's compensation claim in that county, the medical providers he will call during trial are based in or near that county, and Philadelphia is between the situs of his accident (Pottsville) and the headquarters of his employer (Delaware). (Pl.'s Resp. 6-7.) Defendants argue the case should proceed in the Middle District of Pennsylvania because the incident occurred within the territory of that jurisdiction and the Middle District courthouse is approximately half as far as the Eastern District courthouse is from the Wal-Mart where Plaintiff fell. However, "transfer is not warranted where the effect would be to shift inconvenience from defendant to plaintiff." *Edwards v. Equifax Info. Servs., LLC*, 313 F.Supp.3d 618, 622 (E.D. Pa. 2018). On balance, the parties' venue preferences cancel each other out.

The third private interest factor—the situs of the event giving rise to the suit—favors transfer to the Middle District. The fourth private interest factor is the convenience and burdens

on the parties with respect to their respective physical and financial conditions. *Jumara*, 55 F.3d at 879. The record reflects that Defendants are a large corporation and Plaintiff makes deliveries for Leonards Express, Inc. Defendants have not apprised the court that they face any physical or financial limitations. As such, the fourth private interest factor does not weigh in favor of transfer.

The fifth private interest factor—convenience of the witnesses—is limited in application to instances where "the witnesses may actually be unavailable for trial in one of the fora." *Id.* "[W]itnesses who are employed by a party . . . have little impact on the balance of convenience analysis since each party is obligated to procure the attendance of its own employees for trial." *Coppola v. Ferrellgas, Inc.*, 250 F.R.D. 195, 199 (E.D. Pa. 2008) (internal quotation marks and citation omitted). Mr. Baggett and Mr. Hanley—the witnesses whom Defendants assert will be inconvenienced by having to travel 54.1 miles farther to this Court than they would to the Middle District court—are both employees of the Pottsville Wal-Mart. (Defs.' Mot. Transfer Venue 7.) Because the witnesses are Defendants' employees and because Defendants have not argued that the distance would absolutely prohibit the witnesses' participation at trial, though this Court remains cognizant of and sensitive to the burden litigation imposes on all witnesses, their inconvenience under the fifth private interest factor does not, as a matter of law, weigh in favor of transfer. This determination is especially true considering that Plaintiff's witnesses, whom he does not employ, would be required to travel to the Middle District of Pennsylvania if the action were transferred. The sixth and final private interest factor—the location of books and records— "has lost much of its significance in modern litigation," *Edwards*, 313 F.Supp.3d at 623, and is not addressed by Defendants. Therefore, this Court shall not consider it.

As an interim tally, the second and third private interest factors favor transfer whereas the first and fifth support this Court's retention of this case. The other factors are neutral or not applicable.

**B.     Public Interest Factors**

Defendants invoke two of the six public interest factors. (Defs.' Mot. Transfer Venue 8.) First, they argue the third factor favors transfer because the Eastern District is "saturated with thousands of cases." (Defs.' Mot. Transfer Venue 8.) While this Court is well aware of its own busy-ness, it cannot take judicial notice of the Middle District's level of activity and, as Plaintiff correctly notes (Pl.'s Resp. 8), Defendants have not supported their assertion with any statistics, analysis, or corroborating information. "Neither bald assertions nor vague and conclusory allegations [by defendants] will be accepted as true." *Banegas v. Hampton*, CIVIL ACTION NO. 08-5348, 2009 U.S. Dist. LEXIS 34882, at *7 (E.D. Pa. Apr. 23, 2009) (quotations omitted). *See also Nunn v. Braden Mfg*., CIVIL ACTION NO. 93-4875, 1993 U.S. Dist. LEXIS 16584, at *6 (E.D. Pa. Nov. 24, 1993) (rejecting a defendant's conclusory objections to venue as "wholly insubstantial and completely unsupported"). With respect to the relative congestion of the fora at issue here, Defendants' arguments are bald and conclusory. Therefore, they are rejected. *Banegas*, 2009 U.S. Dist. LEXIS 34882, at *7.

Defendants also implicate the fourth public interest factor by alleging this Court and its population of jurors have "no interest" in hearing a case that arose at a store located within the Middle District of Pennsylvania. (Defs.' Mot. Transfer Venue 8.) However, in so arguing, Defendants fail to recognize that Plaintiff resides within this Court's jurisdiction, and Defendants operate multiple retail locations within Philadelphia County alone. (Pl.'s Resp. 2, 8.) Considering Defendants' retail presence within the Eastern District, this Court is not persuaded

by Defendants' argument that the citizens and the courts of this District have no interest in this action.

Defendants' pleading does not address the four other public interest factors. (Defs.' Mot. Transfer Venue 8.) However, upon cursory review, this Court finds that none of them and therefore no public interest factors weigh in favor of transfer.

## III. CONCLUSION

Considering that only two § 1404 factors support transfer and they are offset by at least two factors favoring this Court's retention of this case, *see Applied Predictive Techs., Inc.*, Civil Action No. 18-963-CFC, 2019 U.S. Dist. LEXIS 109447, at *15-16 (E.D. Pa. Jul. 1, 2019) (tallying factors), Plaintiffs choice of venue shall not be disturbed. *See Jumara*, 55 F. 3d at 879; *Shutte*, 431 F.2d at 25 ("Unless the balance of convenience of the parties is strongly in favor of defendant, the plaintiff's choice of forum should prevail."). Defendants' Motion to Transfer Venue shall therefore be denied.

An appropriate Order follows.

BY THE COURT:

*/s/ C. Darnell Jones, II*
    C. Darnell Jones, II    J.