**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JAMES BATTLE,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **NO.   19-cv-945** |
| | : | |
| **WAL-MART STORES, INC., et al.,** | : | |
| **Defendants.** | : | |

**MEMORANDUM**

**SITARSKI, M.J.**                                                                **April 22, 2020**

Presently before the Court is Defendants' Motion for Leave to File a Third-Party

Complaint (ECF No. 34-1), Plaintiff's Response in Opposition (ECF No. 36) and Defendants'

Reply in Further Support (ECF No. 37).  The Honorable C. Darnell Jones referred this matter to

me for disposition.  (ECF No. 35).  For the reasons set forth below, Defendants' Motion to File a

Third-Party Complaint is GRANTED.


**I.        FACTUAL AND PROCEDURAL BACKGROUND**


Plaintiff James Battle ("Plaintiff") alleges that on or about March 13, 2017, he sustained

injuries when he tripped and fell on "raised concrete" at Walmart Store #7030 in Pottsville,

Pennsylvania, located at 390 Highridge Park Road, Pottsville, PA.  (Notice of Removal, ECF No.

1, at 5; *see also* Pl.'s Compl., ECF No. 1, at 14).  Plaintiff commenced this action on or about

February 12, 2019, in the Philadelphia County Court of Common Pleas, alleging negligence

against Defendants, Wal-Mart Stores, Inc. d/b/a Walmart Distribution Center #7030 and

Walmart Stores East, LP (hereinafter referred to collectively as "Defendants").  (Def.'s Mot. for

Leave, ECF No. 34-1, at 1; *see also* Pl.'s Compl., ECF No. 1, at 14).  On March 8, 2019,

Defendants removed this case to the Eastern District of Pennsylvania, pursuant to 28 U.S.C.

§ 1332(a).  (Notice of Removal, ECF No. 1, at 5).

On March 9, 2020, Defendants filed a Motion for Leave to file a third-party complaint

against a contractor, Wachter, Inc., ("Wachter").  (Def.'s Mot. for Leave, ECF No. 34-1, at 1).

Defendants contend that they learned through deposition testimony that Wachter performed work

on Defendants' premises around the date of loss.  (*Id*. at 2).  Pursuant to a subpoena, Wachter

produced documents to Defendants, which Defendants allege identified Wachter as the

contractor that performed the work on the "raised concrete" involved in the incident.  (*Id*.).  On

March 17, 2020, The Honorable C. Darnell Jones, II, referred this matter to me.  (Order, ECF

No. 35).  On March 20, 2020, Plaintiff filed a Response in Opposition.  (Resp. in Opp'n., ECF

No. 36).  On March 31, 2020, Defendants submitted a Reply in Further Support.  (Reply, ECF

No. 37).  On April 16, 2020, counsel entered his appearance on behalf of Wachter.  (Notice of

Appearance, ECF No. 41).


## II.      LEGAL STANDARD

Federal Rule of Civil Procedure 14 provides that a "defending party may, as third-party

plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or

part of the claim against it."  Fed.R.Civ.P.14(a)(1).  Rule 14 further states that "the third-party

plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than

14 days after serving its original answer."  *Id.*  Local Rule of Civil Procedure 14.1 provides that,

"[a]pplications pursuant to Fed.R.Civ.P. 14 for leave to join additional parties after the expiration

of the time limits specified in that rule will ordinarily be denied as untimely unless filed not more

than ninety (90) days after the service of the moving party's answer."  E.D. Pa. L.R. 14.1.

Rule 14(a)'s purpose is "to permit additional parties whose rights may be affected by the decision in the original action to be joined and brought so they expedite the final determination of the rights and liabilities of all the interested persons in one suit." *Bernard v. Air Vent, Inc*., 2019 WL 144852, *1, (M.D. Pa. 2019); (quoting *Naramanian v. Greyhound Lines, Inc.*, No. 07-4757, 2010 WL 4628096 (E.D. Pa. 2010)).  To properly invoke Rule 14, a third-party plaintiff must first demonstrate some substantive basis for its claim.  *Bernard*, 2019 WL 144852, *1.  The Third Circuit has held that, "a third-party claim may be asserted under Rule 14(a) only when the third party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to defendant.  If the claim is separate or independent from the main action, impleader will be denied." *FDIC v. Bathgate*, 27 F.3d 850, 873 (3d Cir. 1994).

In a diversity action, the court must apply state law to determine if a third-party plaintiff has raised a proper substantive basis for its claim.  *Bernard*, 2019 WL 144852, *2; *see also Robbins v. Yamaha Motor Corp.*, 98 F.R.D. 36, 38 (M.D. Pa. 1983).  If there is a proper substantive basis for the filing of a third-party complaint, the court must determine if it should permit the filing of third-party complaint.  *Bernard*, 2019 WL 144852, *2.  The court may consider the following factors:  (1) the possible prejudice to the plaintiff; (2) complication of issues at trial; (3) the probability of trial delay; and (4) the timeliness of the motion.  *Id*.

The decision to permit joinder is soundly within the discretion of the court.  *Fischer v. Presbyterian-University of Pennsylvania Medical Center*, 1991 WL 231590, *1 (E.D. Pa. 1991).  Similar to a motion to amend pursuant to Rule 15(a)(2), the standard for a motion for leave to file a third-party complaint is a lenient one.  *XL Specialty Insurance Company v. PCS Wireless Warehouse, Inc.*, 2020 WL 967855, *2 (D. NJ. 2020).

III.   **DISCUSSION**

In their motion, Defendants request leave to file a third-party complaint against Wachter. (Def.'s Mot., ECF No. 34).  Defendants assert that their request is proper because they are seeking indemnification from Wachter pursuant to an indemnification clause in their contract. (*Id*., at 5).  Defendants further claim that Plaintiff will not be prejudiced because Plaintiff intended to bring suit against the party that performed the concrete work in connection with the incident.  (*Id.*).  For the following reasons, I conclude that joinder of Wachter is proper and grant Defendants' motion.

### A.     Defendants Have a Substantive Basis for Bringing the Claim

Defendants have first shown that they have a substantive basis for their claim against Wachter.  *Bernard*, 2019 WL 144852, *2; *see also FDIC*, 27 F.3d at 873 ("[A] third-party claim may be asserted under Rule 14(a) only when the third party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to defendant."). Under Pennsylvania law, an indemnification clause in a contract may shift "the entire responsibility for damages from a party who, without any fault, has been required to pay because of a legal relationship to the party at fault."  *City of Wilkes-Barres v. Kaminski Bros., Inc.*, 804 A.2d 89, 92 (Pa. Commw. Ct. 2002); *see also Pitcavage v. Mastercraft Boat Co.*, 632 F. Supp. 842, 845 n.1 (M.D. Pa. 1985) ("In Pennsylvania, indemnification is limited to those situations in which defendants' liability is secondary or when an indemnification contract exists." (citing *Builders Supply Co. v. McCabe*, 77 A.2d 368 (Pa. 1951))).  Here, Defendants contend that they and Wachter have a contract which includes in indemnification clause, whereby Wachter could be liable to defend and indemnify Defendants for the claims at issue in this litigation.  (Def.'s Mot., ECF No. 34-1, at 5); *see also Deskiewicz v. Zenith Radio Corp.*, 385 Pa.Super. 374, 377-

382 (Pa. Super. 1989) (concluding that indemnification clauses are enforceable to cover injuries arising from indemnitor's negligence or joint negligence of indemnitor and indemnitee).  Thus, Defendants have shown that they have a proper substantive basis for their claim.

**B.     Joinder is Proper**

Because Defendants have demonstrated they have a proper substantive for their claim, the Court next determines whether joinder is proper.  As stated above, in deciding these motions we apply a lenient standard of review similar to a motions to amend pursuant to Rule 15, and may consider factors such as:  (1) the possible prejudice to the plaintiff; (2) complication of issues at trial; (3) the probability of trial delay; and (4) the timeliness of the motion.  *XL Specialty Ins. Co.*, 2020 WL 967855, at \*2.  Plaintiff asserts that Defendants' Motion should be denied because:  (1) "Defendants have failed to show the delay was justified"; (2) "Defendants fail to demonstrate how the agreement at issue causes Wachter, Inc., to be responsible for the location where Plaintiff was injured"; and (3) "Defendants will cause an unnecessary delay in this litigation as this matter has been on-going for over one year."  (Pl.'s Resp., ECF No. 36-1, at ¶¶ 18-20).

Though the Defendants' motion is untimely, I conclude that the delay was justified and that joinder is proper.  It is well-settled that the time limits for filing a motion for leave to file a third-party complaint are not cast in stone.  *Hornsby v. Johns-Manville Corp.*, 96 F.R.D. 367, 369 (E.D. Pa. 1982).  Courts treat the time limits as guidelines, "allowing substantial room for the exercise of discretion, even with respect to the type of delay existing." *Id*.  Here, Defendants maintain that, despite months of searching for permit documents, contracts, and invoices, they were unable to identify the contractor.  (Def.'s Mot., ECF No. 34-1, at ¶ 8).  Based on deposition testimony obtained in September 2019, Defendants determined that Watcher "was on the

premises around the date of loss; [but] the scope of the work remained in question." (Defs.'

Reply, ECF No. 37, at ¶ 6). When Defendants learned of Wachter's involvement, Defendants

obtained a subpoena for permit information from the Township in connection with the

construction project in January 2020, and immediately notified Plaintiff's counsel of the same.

(*Id.*, at ¶ 7). In February 2020, pursuant to a subpoena, Wachter produced documents to

Defendants identifying themselves as the contractor that performed the work on the raised

concrete. (*Id.*, at ¶ 8). Defendants then filed the instant Motion on March 9, 2020. (Mot., ECF

No. 34). Accordingly, I find the delay was justified given Defendants' efforts in identifying the

appropriate party, and given Defendants' prompt filing of this motion upon identifying the

appropriate party. *E.g.*, *Afif v. RMI Co.*, 93 F.R.D. 429, 430-31 (E.D. Pa. 1982) (granting joinder

motion that was seventeen months untimely because movants had "proceeded with due diligence

in ascertaining the existence and identify of [the] third-party defendant.").

Secondly, the indemnification provision in the agreement demonstrates that Wachter may

be responsible for the location where Plaintiff was allegedly injured. Defendants allege that they

and Wachter entered into a Master Services Agreement for Wachter to perform work near the

raised concrete pad around the alleged date of loss. (Def.'s Mot., ECF No. 34-1, at 4). Pursuant

to the language of the Agreement, Defendants are entitled to tender any claims in relation to

performance of work pursuant to that Agreement to Wachter for indemnification and defense.

(*Id.*). Thus, Wachter may be liable, in whole or in part, to Defendants and/or Plaintiff, for

Plaintiff's claims of negligence. (*Id.*).

Lastly, Defendants' third-party complaint will not cause unnecessary delay to this

litigation. It is true that "in most, if not all, cases involving impleaded parties, the movant's

claims against the third-party defendant might delay resolution of the matter[.]" *XL Specialty*

*Insurance Company v. PCS Wireless Warehouse, Inc.*, 2020 WL 967855, *4 (D.N.J. 2020).

However, some delay, alone, does not warrant denial of joinder. *See Hitachi Capital Amer.*

*Corp. v. Nussbaum Sales Corp.*, No. 09-731, 2010 WL 1379804, at *5 (D.N.J. Mar. 30, 2010)

("[D]elay is expected with the majority of Rule 14 motions.  If such delay was dispositive in

dismissing Rule 14 Motions, few impleader motions would be granted." (citing *Spencer v.*

*Cannon Equip. Ct.*, No. 07-2437, 2009 WL 1883929, at *4 (D.N.J. June 29, 2009))); *see also XL*

*Specialty Ins. Co.*, 2020 WL 967855 at *4 (granting untimely joinder motion because, *inter alia*,

"this case is a far cry from those where the motion to [join] came years into litigation or was

preceded by prior motions to [join]"); *Hawkins v. Waynesburg College*, 2007 WL 2119223, *4

(W.D. Pa. 2007) (granting leave to join third party and noting that, "although there may be

reason to believe this case will take longer to try if third-party joinder is permitted, the court does

not find the anticipated delay to be undue or substantial.").  Even though the Case Management

Order (ECF No. 32) may need to be amended to extend the discovery period and adjust other

deadlines, this is within the broad discretion of the court and does not warrant denial of the

joinder motion. *See Hill v. Barnacle*, 751 F. App'x 245, 247 (3d Cir. 2018) ("Courts have wide

discretion in matters of case management and discovery[.]"); *Doland v. Berrios*, No. 11-1783,

2013 WL 3511421, at *3 (M.D. Pa. July 11, 2013) (granting third-party joinder motion after

close of discovery and noting that any concerns of joinder delay "after discovery has closed and

after the parties have engaged in pre-trial litigation, these concerns can be addressed through pre-

trial management practices that allow for development of a joint case management plan, which

will permit the prompt resolution of this litigation with respect to all interested parties.").  Any

delay inherent in granting leave will not be undue or unnecessary to such a degree as to warrant

denial.  *Cf.*, *Hitachi Capital Amer. Corp.*, 2010 WL 1379804, at *5 (granting Rule 14 motion and

explaining that "[a]lthough it is plausible that impleading [the third-party] would delay trial and ultimately resolution of this case, such delay would not be undue or substantial."); *Jagielski v. Package Mach. Co.*, 93 F.R.D. 431, 433 (E.D. Pa. 1981) (granting joinder motion and noting "we recognize that some degree of delay will result from any joinder.  However, we do not believe that the case will be unduly delayed[.]").

      The Court must also consider the purpose of Rule 14 and judicial economy, which augers in favor of joinder.  "Joinder under Rule 14(a) is meant to avoid circularity of action and eliminate duplication of suits."  *Doland*, 2013 WL 3511421, at *2 (quoting *Hartford Cas. Ins. Co. v. ACC Meat Co., LLC*, No. 10-1875, 2011 WL 398087, at *2 (M.D. Pa. Feb. 2, 2011)); *see also Gonzales v. New Jersey*, No. 14-7932, 2019 WL 291162, at *3 (D.N.J. Jan. 23, 2019) ("The purpose of Rule 14(a) is to avoid circularity of action and multiplicity of litigation." (quoting *Spence v. Cannon Equip. Co.*, 2009 WL 1883929, at *2 (D.N.J. June 29, 2009))).  Here, allowing Defendants to file a third-party complaint will avoid the possibility of additional litigation that might be necessary to address Wachter's potential liability for creating the allegedly unsafe condition, and to address the indemnification issues.  This would avoid duplicative proceedings. *Cf.*, *Naramanian v. Greyhound Lines, Inc.*, No. 07-4757, 2010 WL 4628096, at *6 (E.D. Pa. Nov. 15, 2010) (granting Rule 14 Motion and explaining that "the Court finds that allowing impleader in this case will avoid circuity of action and settle related matters in one lawsuit, which is the primary purpose of Rule 14."); *Hitachi Capital Amer. Corp.*, 2010 WL 1379804, at *5 (granting Rule 14 Motion and reasoning that "consideration of any potential delay is outweighed by this Court's concern for preempting multiplicity of litigation"); *Fischer*, 1991 WL 231590, at *2 (granting motion for leave to file third-party complaint to avoid additional litigation regarding same indemnification/contribution factual issues).

8

Therefore, I conclude joinder is proper.  Defendants have shown that they have a proper substantive basis for their claim against Wachter, based upon their contention that Wachter performed work on the raised concrete pad where Plaintiff was allegedly injured and Wachter has a contractual obligation to indemnify Walmart for the claim brought by Plaintiff.  Although the Motion was untimely, the delay was justified in light of Defendants' efforts in identifying the appropriate party to join.  Moreover, any delay attributable to this joinder is not undue or unnecessary.  Accordingly, Defendants' Motion is granted.

## IV.    CONCLUSION

For the foregoing reasons, Defendants' Motion to Leave to File a Third-Party Complaint is granted.

An appropriate Order follows.

BY THE COURT:

_____/s/ Lynne A. Sitarski_____
LYNNE A. SITARSKI
United States Magistrate Judge

9